IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY LOUIS SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0319 |
| | § | |
| BRIAN THOMAS, Sheriff, | § | |
| Potter County, Texas, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a pre-trial detainee confined in the Potter County Correctional Center, has filed with this Court a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit a Request to Proceed *In Forma Pauperis* or an Account Summary from the institution in which he is confined. On October 30, 2015, this Court ordered petitioner to submit a form Application to Proceed *In Forma Pauperis* and a current Account Summary, or pay the filing fee. Petitioner was advised that if he has access to funds and is able to pay the filing fee, it is his responsibility to ensure that payment is forwarded to this Court, by mail or in person. Petitioner was warned his failure to properly supplement or pay the filing fee would result in an immediate recommendation for the dismissal of this case without further notice. As of this date, petitioner has neither submitted the fee, properly requested permission to proceed as a pauper, or otherwise demonstrated compliance with the Court's order.

The Court has given petitioner ample opportunity to pay the filing fee, or request *in forma pauperis* status and submit a current Account Summary as proof of his indigence. Petitioner has failed

to follow the Court's direct order.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has failed to comply with a direct order of the Court, and such neglect warrants dismissal. Petitioner's habeas application should be dismissed for failure to comply with this Court's October 30, 2015 Order and/or failure to pay the requisite filing fee in this case.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner JIMMY LOUIS SANCHEZ be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___7th___ day of December 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).